UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

JORGE BAZAN,

                                  Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER RYAN O'LEARY, POLICE OFFICER JARED FINK, CAPTAIN FRANK LETTERESE, and JOHN/JANE DOE # 1 - 5,

                                  Defendants.

--------------------------------------------------------------------------x

FIRST AMENDED COMPLAINT

14 CV 3304 (RJD) (JO)

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of Plaintiff Jorge Bazan's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff Jorge Bazan demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Jorge Bazan ("Mr. Bazan") is a resident of the County of Queens, State of New York.

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Police Officer Ryan O'Leary ("O'Leary") was an officer, employee, and agent of Defendant The City of New York.

11. At all times relevant herein, Defendant O'Leary was acting within the scope of his employment with Defendant The City of New York.

12. At all times relevant herein, Defendant O'Leary was acting under color of state law.

13. Defendant O'Leary is sued in his individual and official capacities.

14. At all times relevant herein, Defendant Officer Jared Fink ("Fink") was an officer, employee, and agent of Defendant The City of New York.

15. At all times relevant herein, Defendant Fink was acting within the scope of his employment with Defendant The City of New York.

16. At all times relevant herein, Defendant Fink was acting under color of state law.

17. Defendant Fink is sued in his individual and official capacities.

18. At all times relevant herein, Defendant Captain Frank Letterese ("Letterese") was an officer, employee, and agent of Defendant The City of New York.

19. At all times relevant herein, Defendant Letterese was acting within the scope of his employment with Defendant The City of New York.

20. At all times relevant herein, Defendant Letterese was acting under color of state law.

21. Defendant Letterese is sued in his individual and official capacities.

22. At all times relevant herein, Defendants John/Jane Doe # 1 - 5 were supervisors, officers, employees, and/or agents of Defendant The City of New York.

23. At all times relevant herein, Defendants John/Jane Doe # 1 - 5 were acting within the scope of their employment with Defendant The City of New York.

24. At all times relevant herein, Defendants John/Jane Doe # 1 - 5 were acting under color of state law.

25. Defendants John/Jane Doe # 1 - 5 are sued in their individual and official capacities.

26. The names John/Jane Doe # 1 - 5 are fictitious, their true names being unknown to Mr. Bazan at this time.

## STATEMENT OF FACTS

27. On December 9, 2012, Mr. Bazan was riding in a livery cab driven by Jeffren Viera.

28. Mr. Viera stopped the cab and proceeded to violently assault, batter, and rob Mr. Bazan.

29. Mr. Viera stabbed Mr. Bazan in the hand with a knife, broke his nose, and battered him on various parts of his body.

30. Although severely injured, battered, bruised, and bloody, Mr. Bazan was able to escape from Mr. Viera, ultimately being able to run to a nearby police precinct, located at 168-02 P.O. Edward Byrne Avenue, Queens, New York.

31. At the precinct, Mr. Bazan told the individual defendants that he had been robbed and beaten by a livery cab driver.

32. The individual defendants searched for and found Mr. Viera.

33. Upon finding Mr. Viera, the individual defendants discovered him in possession of Mr. Bazan's money and personal property, as well as the knife he used to stab Mr. Bazan.

34. Mr. Viera had no injuries to his person, and none of his property or money was missing or in Mr. Bazan's possession.

35. The individual defendants also discovered that Mr. Viera had deactivated his cab's interior camera and had not turned on his emergency amber light.

36. Despite all of the foregoing, Mr. Bazan was arrested by the individual defendants.

37. Mr. Bazan's arrest was without probable cause.

38. Mr. Bazan's arrest was approved at the location of Mr. Bazan's arrest by Defendant John/Jane Doe # 5.

39. The individual defendants spoke with the Queens County District Attorney's Office, individually and collectively lying to the Queens County District Attorney's Office that Mr. Bazan and had violated New York Penal Law §§ 110-160.15 and 165.15.

40. Based on these fabricated allegations, the Queens County District Attorney's Office forwarded to Defendant O'Leary a Criminal Court Complaint.

41. The Criminal Court Complaint was reviewed and then signed by Defendant O'Leary.

42. When reviewing and signing the Criminal Court Complaint, Defendant O'Leary knew the allegations contained therein to be false.

43. The executed Criminal Court Complaint was then forwarded by Defendant O'Leary to the Queens County District Attorney's Office.

44. Legal process was issued against Mr. Bazan, and Mr. Bazan was subsequently arraigned.

45. The individual defendants also caused separate legal process to be issued against Mr. Bazan in the form of a immigration detainer and prosecution.

46. Upon information and belief, the individual defendants swore out information alleging that Mr. Bazan should be deported from the United States as a result of violating New York Penal Law §§ 110-160.15 and 165.15.

47. When swearing out and providing this information to cause legal process to be issued, the individual defendants knew the allegations to be false.

48. A separate proceeding was commenced against Mr. Bazan where he was prosecuted for immigration violations.

49. As a result, Mr. Bazan was ordered held on an immigration detainer at his arraignment.

50. During the pendency of the criminal and immigration proceedings, the individual defendants forwarded false evidence to the Queens County District Attorney's Office and

immigration officials and prosecutors, *inter alia*, arrest reports, Criminal Court Complaint, complaint reports, and property vouchers.

51. The individual defendants further participated in and encouraged the prosecution of Mr. Bazan by testifying at the Grand Jury hearing.

52. Despite the individual defendants' attempts to have Mr. Bazan wrongly indicted for crimes the individual defendants knew or should have known he did not commit, the Grand Jury returned a no-true bill on the indictment, and the charges against Mr. Bazan were dismissed on April 24, 2013.

53. Mr. Bazan suffered damage as a result of Defendants' actions. Mr. Bazan was deprived of liberty, suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, lost pay, humiliation, and damage to reputation.

54. Further, as a result of their actions, Mr. Bazan was wrongly imprisoned for approximately 4 months as a result of prosecution by immigration officials until on or about the time that the Grand Jury returned the no-true bill.

FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

55. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

56. Defendants, by their conduct toward Mr. Bazan as alleged herein, violated Mr. Bazan's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

57. As a direct and proximate result of this unlawful conduct, Mr. Bazan sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

58. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

59. The individual defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Mr. Bazan without reasonable suspicion.

60. As a direct and proximate result of this unlawful conduct, Mr. Bazan sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
*False Arrest*

61. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

62. The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Mr. Bazan without probable cause.

63. As a direct and proximate result of this unlawful conduct, Mr. Bazan sustained the damages alleged herein.

## FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

64. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

65. The individual defendants created false evidence against Mr. Bazan.

66. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's Office.

67. The individual defendants also forwarded the false evidence to prosecutors with the United States Department of Justice and the United States Immigrations and Customs Enforcement.

68. In creating false evidence against Mr. Bazan, and in forwarding false evidence to prosecutors and immigration prosecutors, the individual defendants violated Mr. Bazan's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

69. As a direct and proximate result of this unlawful conduct, Mr. Bazan sustained the damages alleged herein.

## FIFTH CAUSE OF ACTION
*Malicious Prosecution*

70. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

71. The individual defendants initiated the criminal proceedings and immigration proceedings against Mr. Bazan by issuing and/or causing to be issued legal process against Mr. Bazan.

72. The individual defendants lacked probable cause to commence the criminal and immigration proceedings against Mr. Bazan.

73. The individual defendants' actions were motivated by actual malice.

74. The criminal and immigration proceedings were terminated in favor of Mr. Bazan.

75. As a direct and proximate result of this unlawful conduct, Mr. Bazan sustained the damages alleged herein.

## SIXTH CAUSE OF ACTION
*Failure to Intervene*

76. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

77. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

78. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

79. As a direct and proximate result of this unlawful conduct, Mr. Bazan sustained the damages alleged herein.

## SEVENTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

80. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

81. The individual defendants conspired with Mr. Viera in the deprivation of Mr. Bazan's constitutional rights by collectively lying about Mr. Bazan's actions and conduct, and intentionally withholding and/or destroying exculpatory evidence in order to support the individual defendants' fabricated version of the events.

82. As a result of the individual defendants' malicious efforts to damage Mr. Bazan, Mr. Bazan's liberty was restricted, and Mr. Bazan was restrained, subjected to handcuffing, and, among other things, falsely arrested, and prosecuted.

83. As a direct and proximate result of this unlawful conduct, Mr. Bazan sustained the damages alleged herein.

### EIGHTH CAUSE OF ACTION
*Monell*

84. Mr. Bazan repeats and re-alleges each and every allegation as if fully set forth herein.

85. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Bazan.

86. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

87. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

88. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

      89.      These policies, practices, and customs were the moving force behind Mr. Bazan's injuries.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jorge Bazan respectfully requests judgment against Defendants as follows:

      (a)      Compensatory damages against all defendants, jointly and severally;

      (b)      Punitive damages against the individual defendants, jointly and severally;

      (c)      Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

      (d)      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 10, 2014

/s/
Gregory P. Mouton, Jr., Esq.
The Law Office of Gregory P. Mouton, Jr.
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com